John J. Walsh, J.
The relators presently confined in the Oneida County Jail contend that they are being detained by virtue of an order of commitment made by the Hon. Matthew ¡S. Ogonowski, following a preliminary examination before that Magistrate who ordered each held for the action of the Grand Jury.
The return filed by the respondent Sheriff alleges that each relator is presently in the custody of the said Sheriff by virtue of a Bench warrant, a copy of which is attached to the said return in each case, and signed by the District Attorney commanding the said Sheriff to produce such relator before the County Court to answer to an indictment returned by the September 1963 Grand Jury. As a matter of fact, each relator has already been arraigned in the County Court and entered a plea of not guilty.
It is clear therefore that. each relator is presently being detained by virtue of a Bench warrant superseding any order of the said City Judge as committing Magistrate.
The relators claim in their petition that “ the preliminary examination was contrary to law and that any presentation to the Grand Jury following the said examination is contrary to law and that this court is without jurisdiction to try the relator for the crime charged.”
The relators cannot attack the validity of the indictment by habeas corpus. In People ex rel. Smiley v. La Vallee (16 A D 2d 710 [1962]) the court said: “It is well-settled law that an indictment supersedes any and all prior proceedings.” (People ex rel. Hirschberg v. Close, 1 N Y 2d 258, 261; People ex rel. Monroe v. La Vallee, 8 A D 2d 927; Matter of Morhous v. Supreme Ct., 293 N. Y. 131.)
In People ex rel. Hirschberg v. Close (supra), the relator sought to secure a writ of habeas corpus and also an order of prohibition against trying a defendant upon an indictment returned by a Grand Jury on the ground that the evidence before the committing Magistrate was insufficient to warrant a holding for the Grand Jury and also that fundamental rights of relator to representation by counsel had been abridged by the committing Magistrate.
The Court of Appeals held (p. 260) that, “ We agree with the courts below that there was no necessity or occasion to try the *423 allegations of the petitions. The infringements of rights asserted by relator are alleged to have occurred when the case was before the Justice of the Peace. But that magistrate’s proceeding (under Code Grim. Pro., part IV, tit. Ill, ch. VII) was distinct from the Grand Jury’s inquiry. Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing [citing cases].”
These decisions are determinative of these proceedings.
A final judgment may be entered dismissing these proceedings pursuant to subdivision (c) of section 7010 of the Civil Practice Law and Buies.